[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #112
On November 26, 2001, the plaintiff, Ronda Rouff, filed a revised three-count complaint against the defendants, Trevor K. Brown and Norman J. Youngblood, alleging negligence on the part of the defendants in their violation of General Statutes §§ 14-218a and/or 14-219, and/or 14-222. The plaintiff also makes a claim against Brown for reckless disregard in violation of said statutes.
The plaintiff alleges that she was injured in a motor vehicle accident that occurred on or about June 11, 1996. The plaintiff alleges that she was a passenger in a car owned and operated by Youngblood. The plaintiff alleges that a car owned by Brown crashed into the side of Youngblood's car. The plaintiff alleges that this crash was caused by Brown's CT Page 5011 carelessness and negligence in that he: traveled at an unreasonably fast rate of speed; failed to properly control and operate his car; failed to apply his brakes in time to avoid the crash; and failed to turn his car to the right or left in order to avoid the crash. The plaintiff alleges in the second count that Brown deliberately or with reckless disregard of the plaintiff, violated General Statutes §§ 14-218a, 14-219, and/or14-222 and that these violations were a substantial factor in causing her injuries. In her prayer for relief, the plaintiff seeks, inter alia, monetary damages, double or treble damages pursuant to General Statutes § 14-295, and whatever equitable relief the court may deem appropriate.
On November 30, 2001, Brown filed a motion to strike the second count and the portion of the prayer for relief requesting double or treble damages pursuant to General Statutes § 14-295. The defendant filed a memorandum in support of his motion. The plaintiff filed a memorandum in opposition on December 13, 2001.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted." (Internal quotation marks omitted.)Peter Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Faulkner v. UnitedTechnologies, Corp., 240 Conn. 576, 580, 639 A.2d 293 (1997). "The court must construe the facts in the complaint most favorably to the plaintiff." Id. "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted; internal quotation marks omitted.)Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001).
General Statutes § 14-295 states, "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-21 8a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
Brown moves to strike the second count of the plaintiffs complaint and the portion of the prayer for relief requesting double or treble damages on the basis that the plaintiff has failed to allege sufficient facts to CT Page 5012 support her claim of common law recklessness and multiple damages pursuant to General Statutes § 14-295. The defendant argues that the plaintiff relies upon the same factual allegations contained in the first count of her complaint to support her claim for recklessness and double or treble damages. The defendant acknowledges the split of authority in the Superior Court concerning the pleading requirements under General Statutes § 14-295. The defendant argues, however, that recklessness and negligence are very different causes of action premised upon different standards and that the plaintiff cannot rely upon the same factual allegations to support both causes of action. The defendant contends that the plaintiff must set forth specific allegations setting out the conduct she claims to be reckless. The defendant asserts that public policy dictates that the statute's provisions be strictly construed and the requirement of detailed factual allegations will allow the court to "screen those cases in which the plaintiff has included a claim for multiple damages merely as leverage in attempting to settle a matter despite there being no basis for the same, from those matters where a defendant's behavior was truly egregious." (Defendant's Memorandum, Page 4.)
The plaintiff counters by arguing that the plain language of General Statutes § 14-295 plainly mandates what a plaintiff must be allege, i.e., that: "another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222
. . . and that such violation was a substantial factor in causing such injury, death or damage to property." The plaintiff argues that the weight of authority supports here position that she only is required to recite the statutory language of General Statutes § 14-295.
"The appellate courts have not had occasion to decide what degree of specificity is required in pleading recklessness under General Statutes § 14-295. The Superior Court judges are split on the issue. One line of cases, representing the minority view, holds that a plaintiff must plead the specific facts constituting recklessness, above and beyond the facts constituting mere negligence. See McGuire-Kelley v. Sciuto, Superior Court, judicial district of New Haven at New Haven, Docket No. 428860 (October 1, 1999, Devlin, J.); Chatterton v. Infinity InsuranceCo., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 064615 (October 1, 1999, Arnold, J.); Nocera v. Besso, Superior Court, judicial district of Middlesex at Middletown, Docket No. 086777 (September 29, 1999, Gordon, J.); Reed v. Sesta, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 577273 (June 19, 1998, Aurigemma, J.); Adams v. Champagne, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 061154 (May 27, 1998, Corradino, J.) (22 Conn.L.Rptr. 241); Cloutier v. Meinerth, Superior Court, judicial district of Danbury, Docket No. 329940 (February CT Page 5013 25, 1998, Moraghan, J.); Kelly v. Stone, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 344231 (January 9, 1998,Maiocco, J.)" Torres v. Jacovino, Superior Court, judicial district of Waterbury, Docket No. 150549 (May 12, 2000, Doherty, J.) "In these cases, the court generally reasons that a plaintiff who is alleging recklessness must use explicit language that informs both the court and the defendant what conduct is relied upon." Donaldson v. Transalliance,Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 364836 (February 27, 2001, Rush, J.)
"The majority point of view, on the other hand, is that a plaintiff, in addition to pleading facts constituting negligence, need only make the general allegations mentioned in § 14-295: that the defendant has deliberately or with reckless disregard violated one of the enumerated statutes, and that the violation was a substantial factor in causing the plaintiffs injuries. See Haji-Ahmend v. Lake, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 162876 (September 30, 1999, Hickey, J.); Plimpton v. Amerada Hess Corp., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169861 (September 27, 1999, Karazin, J.); Ditillo v. Van Geerdele, Superior Court, judicial district of Waterbury, Docket No. 149690 (August 3, 1999, Gill, J.); Mediate v. Desaavedra, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 360768 (June 22, 1999, Skolnick,J.); Nelson-Hlebogiannis v. Lee, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 167571 (May 17, 1999, Hiller,J.); Silva v. Bergen, Superior Court, judicial district of New Haven at New Haven, Docket No. 416499 (April 16, 1999, Jones, J.); Hamblett v.Chagnon, Superior Court, judicial district of New London at New London, Docket No. 114548 (March 18, 1999, Mihalakos, J.); Carta v. Cohn, Superior Court, judicial district of New Haven at Meriden, Docket No. 262531 (January 12, 1999, Dorsey, J.); Fusco v. Gillian, Superior Court, judicial district of New Britain, Docket No. 489624 (November 25, 1998,Robinson, J.); Redman v. Rosa, Superior Court, judicial district of Hartford at Hartford, Docket No. 579596 (October 29, 1998, Peck, J.);Guerrera v. Hamzi, Superior Court, judicial district of Waterbury, Docket No. 136344 (May 7, 1998, Kulawiz, J.); Godfrend v. Sabilia, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 162727 (April 29, 1998, D'Andrea, J.); Kosloski v. Janiak, Superior Court, judicial district of New Haven at New Haven, Docket No. 403724 (February 6, 1998, Zoarski, J.); Diaz v. Diaz, Superior Court, judicial district of New London at New London, Docket No. 542469 (February 3, 1998, Martin, J.)." Id. "In the second line of cases, the court, employing the principles of statutory construction, reads the language of § 14-295 literally and only requires that a plaintiff allege that the defendant violated one of the enumerated statutes deliberately or with reckless disregard, and that the violation was a substantial factor in CT Page 5014 causing the plaintiffs injuries." Donaldson v. Transalliance, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 364836 (February 27, 2001, Rush, J.)
For example, in Armstrong v. Smith, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 533947 (December 2, 1994, Sheldon, J.) (13 Conn.L.Rptr. 120, 122.), the court determined that it supported the majority view. The court explained, "the legislature explicitly required that any person seeking treble damages must both plead and prove that the defendant, in violating the underlying motor vehicle offense, did so either `deliberately or with reckless disregard'. . . . A person acts deliberately when his acts are performed with purpose or deliberation. Not the product of neglect, mere heedlessness or indifference . . . Similarly, a person who acts with reckless disregard of the dangerous consequences of his conduct acts not with mere negligence, but with a conscious awareness of and disregard for those potential consequences. . . . Plainly, by importing such a standard to Section 14-295, the legislature sought to punish by treble damages only those traditionally regarded by the law as the most worthy of punishment. The distinguishing factors about their behavior which makes them worthy of such special sanctions is plainly the deliberation or reckless disregard of others with which they act. By pleading, and thus committing herself to proving, this critical mental element, the plaintiff has pleaded all the law requires to ensure that the statute will be strictly enforced according to its terms." This court agrees with the majority view: a claim under § 14-295 "may be asserted without the pleading of subordinate, supporting facts as long as the assertion otherwise satisfies the provisions of Section 14-295, and as necessary, the provisions of any of the statutes enumerated in Section 14-295 that are claimed to be violated." Lombard v. Booth, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 383637 (July 12, 2001,Stevens, J.) (30 Conn.L.Rptr. 78, 79.) Further, "[w]hen the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as the words direct . . ." Donahue v. Thomas, Superior Court, judicial district of Waterbury, Docket No. 161182 (February 28, 2001, Rogers, J.)
In the second count, the plaintiff incorporates paragraphs one through four of the first count in which she specifies the actions of the defendant that she is relying on. Further, in the second count the plaintiff states exactly what the legislature requires: that the defendant acted deliberately or with reckless disregard in violating General Statutes §§ 14-218a, 14-219, and 14-222 and that these violations were a substantial factor in causing the plaintiff injury. It is up to the plaintiff to prove the allegations at trial. For the foregoing reasons, the defendant's motion to strike is denied. CT Page 5015
 ___________________ GALLAGHER, J.